FLND Form 245B (rev 12/2003) Judgment in a Criminal Case  
3:06cr109-001/MCR - JEROME LITTLE

Page 1 of 7

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

**UNITED STATES OF AMERICA**

-vs-

**JEROME LITTLE**

Case # 3:06cr109-001/MCR

USM # 06562-017

**Defendant's Attorney:**
Kenneth R. Ridlehoover (Appointed)
900 North Palafox Street
Pensacola, Florida 32591

**JUDGMENT IN A CRIMINAL CASE**

The defendant pled guilty to Count One of the Superseding Indictment on November 30, 2006. Accordingly, **IT IS ORDERED** that the defendant is adjudged guilty of such count(s) which involve(s) the following offense(s):

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT |
|---|---|---|---|
| 18 U.S.C. § 641 | Theft of Government Property More Than $1,000 | November 30, 2005 | One |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984, including amendments effective subsequent to 1984, and the Sentencing Guidelines promulgated by the U.S. Sentencing Commission.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Date of Imposition of Sentence:
February 15, 2007

M. CASEY RODGERS
UNITED STATES DISTRICT JUDGE

Date Signed: February 21st, 2007

## PROBATION

The defendant is hereby placed on probation for a term of **3 years**.

While on probation, the defendant shall not commit another federal, state, or local crime and shall not illegally possess a firearm, ammunition, or destructive device. The defendant shall also comply with the standard conditions that have been adopted by this court (set forth below). If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution.

For offenses committed on or after September 13, 1994: The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from placement on probation and at least two periodic drug tests thereafter, as directed by the probation officer.

The above drug testing condition is suspended based on the Court's determination that the defendant poses a low risk of future substance abuse.

The defendant shall cooperate in the collection of DNA as directed by statute.

## STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the following standard conditions that have been adopted by this court.

1. the defendant shall not leave the judicial district without the permission of the court or probation officer;

2. the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. the defendant shall support his or her dependents and meet other family responsibilities;

5. the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;

7. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. the defendant shall not associate with any persons engaged in criminal activity and shall not associate

     with any person convicted of a felony unless granted permission to do so by the probation officer;

10. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11. the defendant shall notify the probation officer within **72 hours** of being arrested or questioned by a law enforcement officer;

12. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14. if this judgment imposes a fine or a restitution obligation, it shall be a condition of supervision that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## ADDITIONAL CONDITIONS OF PROBATION

The defendant shall also comply with the following additional conditions of probation:

1. The defendant shall not own or possess, either directly or constructively, a firearm (including ammunition), dangerous weapon, or destructive device.

2. Any unpaid restitution balance shall become a condition of probation. The defendant shall make monthly payments in the amount of $150 to commence within 30 days of this Judgment.

3. The defendant shall provide the probation officer with access to any requested financial information.

4. The defendant is permitted to travel to the Southern District of Alabama for employment purposes.

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*            *Page 4 of 7*
*3:06cr109-001/MCR - JEROME LITTLE*

Upon a finding of a violation of probation or supervised release, I understand the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

_____      _____
Defendant                                                               Date


_____      _____
U.S. Probation Officer/Designated Witness            Date

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*  *Page 5 of 7*
*3:06cr109-001/MCR - JEROME LITTLE*

## CRIMINAL MONETARY PENALTIES

All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the Clerk, U.S. District Court, unless otherwise directed by the Court. Payments shall be made payable to the Clerk, U.S. District Court, and mailed to 111 N. Adams St., Suite 322, Tallahassee, FL 32301-7717. Payments can be made in the form of cash if paid in person.

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments. The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options in the Schedule of Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

### SUMMARY

| Special Monetary Assessment | Fine | Restitution |
|---|---|---|
| $100.00 | Waived | $6,533.73 |

### SPECIAL MONETARY ASSESSMENT

A special monetary assessment of **$100.00** is imposed.

No fine imposed.

FLND Form 245B (rev 12/2003) Judgment in a Criminal Case
3:06cr109-001/MCR - JEROME LITTLE

Page 6 of 7

## RESTITUTION

Restitution in the amount of **$6,533.73** is imposed.

The defendant shall make restitution to the following victims in the amounts listed below.

| Name of Payee | Total Amount of Loss | Amount of Restitution Ordered |
|---|---|---|
| MWR Department<br>190 Radford Boulevard<br>NAS Pensacola, Florida 32508<br>Attn: Kerry Shanaghan | $5,414.28 | $5,414.28 |
| U.S. Treasury<br>NAVFAC SE<br>Box 30, Code 150<br>Jacksonville, Florida 32212<br>Attn: Tammy Cannon-Joyner | $1,119.45 | $1,119.45 |

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise. If nominal payments are made by the defendant the court authorizes those payments to be made to the victims on a rotating basis.

The amount of loss and the amount of restitution ordered will be the same unless, pursuant to 18 U.S.C. § 3664(f)(3)(B), the court orders nominal payments and this is reflected in the Statement of Reasons page.

**Restitution in the amount of $6,533.73 is hereby ordered jointly and severally with: Co-defendant Tyrone L. Matthews.**

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*  *Page 7 of 7*
*3:06cr109-001/MCR - JEROME LITTLE*

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) special monetary assessment; (2) non-federal victim restitution; (3) federal victim restitution; (4) fine principal; (5) costs; (6) interest; and (7) penalties in full immediately.

**Breakdown of fine and other criminal penalties is as follows:**
**Fine: Waived   SMA: $100.00   Restitution: $6,533.73   Cost of Prosecution: None**

**The $100.00 monetary assessment shall be paid immediately.** Any payments of the monetary assessment and the fine made while the defendant is incarcerated shall be made through the Bureau of Prisons' Inmate Financial Responsibility Program. The remaining balance shall be paid as follows: In monthly installments of not less than $150.00 over a period of probation to commence within 30 days of this judgment.

The defendant must notify the court of any material changes in the defendant's economic circumstances, in accordance with 18 U.S.C. §§ 3572(d), 3664(k) and 3664(n). Upon notice of a change in the defendant's economic condition, the Court may adjust the installment payment schedule as the interests of justice require.

Special instructions regarding the payment of criminal monetary penalties pursuant to 18 U.S.C. § 3664(f)(3)(A):

Unless the court has expressly ordered otherwise above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. In the event the entire amount of monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due. The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.